```
RECEIPT #  57380
AMOUNT $   150
SUMMONS ISSUED Y-9
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.  A
DATE  7-19-04
```

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OMNIPOINT HOLDINGS, INC. ) | |
| ) | |
| Plaintiff ) | |
| ) | C.A. NO. |
| V. ) | |
| ) | |
| KAREN B. METHENY, ANDREW I. ) | |
| METHENY, DANIEL J. MELANSON, ) | 04 11596 WGY |
| AUDREY MELANSON, RALPH LANG, ) | |
| LAWRENCE R. WEIL, MITZI G. ) | |
| WEIL, JONATHAN L. HELD, AND ) | MAGISTRATE JUDGE _Alexander_ |
| ALYSSA L. HELD, ) | |
| ) | |
| Defendants ) | |

COMPLAINT AND REQUEST FOR PRELIMINARY INJUNCTIVE RELIEF
AND PERMANENT INJUNCTIVE RELIEF

I.   PRELIMINARY STATEMENT OF CLAIMS

1. Omnipoint Holdings, Inc., brings this action to enjoin the Defendants from continuing to maintain a civil action in Massachusetts Land Court, which state court action seeks to prevent the implementation of a May 30, 2002, injunction issued by this Court pursuant to a consent judgment in Civil Action No. 01-cv-12019-WGY. That injunction required the Town of Boxborough (a party in C. A. No. 01-12019-WGY) to cause to be issued a special permit or a variance, to allow Omnipoint to construct a wireless telecommunications facility in Boxborough. Defendants' filing and continued pursuit of the Land Court constitutes an improper collateral attack upon a valid judgment of this Court, and they must be enjoined from further pursuing it.

1

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction to issue an injunction to protect and effectuate its own prior judgment.

3. Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. § 1391(b) because the Defendants all reside in this District and the events giving rise to this action occurred within this District.

## III. PARTIES

4. The plaintiff, Omnipoint Holdings, Inc., a Delaware corporation, is a wholly owned subsidiary of Voicestream Wireless, Inc., with its place of business at 12920 SE 38th Street, Bellevue, Washington 98006. It is authorized to do business in the Commonwealth of Massachusetts.

5. Defendant Karen B. Metheny is an individual residing in Boxborough, Massachusetts.

6. Defendant Andrew I. Metheny is an individual residing in Boxborough, Massachusetts.

7. Defendant Daniel J. Melanson is an individual residing in Boxborough, Massachusetts.

8. Defendant Audrey Melanson is an individual residing in Boxborough, Massachusetts.

9. Defendant Ralph Lang is an individual residing in Boxborough, Massachusetts.

10. Defendant Lawrence R. Weil is an individual residing in Boxborough, Massachusetts.

11.. Defendant Mitzi G. Weil is an individual residing in Boxborough, Massachusetts.

12.. Defendant Jonathan L. Held is an individual residing in Boxborough, Massachusetts.

13. Defendant Alyssa L. Held is an individual residing in Boxborough, Massachusetts.

14. Omnipoint does not name the Town of Boxborough or the Boxborough Zoning Board of Appeals as parties in this action because they are not required to be joined pursuant to Rule 19, Fed.R.Civ.P. Although the Town and the Board were parties in the original action, no relief is being sought against them in the present proceeding. Similarly, the individual members of the Board are not named as parties, even though they are named as parties in the Land Court case, because no relief is being sought against them in the present proceeding, and Rule 19 does not require that they be named.

IV. STATEMENT OF CLAIMS

15. Omnipoint is licensed by the Federal Communications Commission ("FCC") to develop and operate a wireless telecommunication network in keeping with the goals of the Telecommunications Act of 1996 and its license with the FCC. As called for by its FCC license, Omnipoint is currently developing a wireless

communications network that will provide ubiquitous service to Eastern Massachusetts.

16. On July 3, 2001, Omnipoint applied to the Boxborough Board of Appeals for a special permit and/or variance for the installation of a 100-foot stealth monopole on property located at 335 Burroughs Road in Boxborough. After hearing, on October 23, 2001, the Board of Appeals voted to deny the requested zoning relief. Following that denial, Omnipoint filed its complaint in Massachusetts Federal District Court in Civil Action No. 01-cv-12019, alleging, inter alia, that the denial violated provisions of the Telecommunications Act of 1996.

17. The parties in Civil Action No. 01-cv-12019-WGY filed cross-motions for summary judgment, and were heard on oral argument in February, 2002. Prior to the Court's rendering of a decison on the summary judgment motions, settlement discussions began, leading to the filing in late May, 2002, of an Agreement for Judgment, with a proposed Form of Judgment attached. Upon review of the matter, this Court entered its judgment in substantially the form proposed on May 31, 2002, enjoining the Town to issue the requested special permit or variance. A true copy of the Judgment in Civil Action No. 01-cv-12019-WGY is attached hereto and incorporated herein as Exhibit A.

18. On June 18, 2002, as required by this Court's May 31, 2002, Judgment, the Boxborough Zoning Board of Appeals voted to issue a "Special Permit and/or Variance" in the form which had been incorporated in this Court's Judgment. The individual Defendants in the present action (referred to herein as the "Land Court

Plaintiffs") then filed their Complaint in the Land Court Department of the Trial Court of the Commonwealth of Massachusetts, in Boston, Docket No. 282222. The Land Court case styles itself as a zoning appeal under Massachusetts General Laws Chapter 40A, Section 17.

19. Omnipoint removed the case to this Court shortly thereafter, without objection from any party. The case was docketed as C.A. No. 02-cv-11494-WGY. After removal, Omnipoint moved to dismiss the matter, and this Court granted the Motion to Dismiss in an Order of Dismissal dated September 26, 2002.

20. The Land Court Plaintiffs then took an appeal to the First Circuit Court of Appeals. After the oral argument before the Court of Appeals, and after submission of additional post-argument materials, the Court of Appeals, in December, 2003, ordered that the case be remanded to the State court, on the ground that the Federal Court lacked removal jurisdiction. See Metheny v. Becker, 352 F.3d 458 (1st Cir. 2003). In accordance with the Court of Appeals decision, this Court ordered that the matter be remanded to Land Court, where it is presently pending.

21. Massachusetts General Laws Chapter 40A, Section 10, provides, inter alia, as follows:

> No variance or special permit . . . shall take effect
> until a copy of the decision bearing the certification of
> the city or town clerk that twenty days have elapsed
> after the decision has been filed in the office of the
> city or town clerk and no appeal has been filed or that
> if such appeal has been filed, that it has been
> dismissed or denied . . . .

5

As a result of the Land Court action, this statutory automatic stay of Omnipoint's special permit and/or variance has prevented it from constructing its wireless facility in Boxborough, and from providing service to its customers.

22	Injunctive relief is necessary and appropriate to protect and effectuate this Court's prior judgment and injunction, and to permit Omnipoint to implement its "special permit and/or variance" and construct its facility.

## VI. PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Omnipoint Holdings, Inc., respectfully demands judgment against the Defendants, and asks this Court to grant the following relief:

1.	Issue a preliminary injunction enjoining the Defendants, their attorneys, and anyone acting in concert with them or on their behalf, from taking any further action with respect to the Land Court action;

2.	Issue a permanent injunction enjoining the Defendants, their attorneys, and anyone acting in concert with them or on their behalf, from taking any further action with respect to the Land Court action Town of Boxborough and the Boxborough Board of Appeals; and

3.	Grant such other relief as may be meet and just.

OMNIPOINT HOLDINGS, INC.

By:_____
Kenneth Ira Spigle
687 Highland Ave., Suite 1
Needham, Massachusetts 02494
(781) 453-3900

6

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

OMNIPOINT HOLDINGS, INC.          )
                                  )
        Plaintiff                 )
                                  )   C.A. NO. 01-12019-WGY
V.                                )
                                  )
TOWN OF BOXBOROUGH and            )
BOXBOROUGH BOARD OF APPEALS,      )
                                  )
        Defendants                )

### JUDGMENT

Upon the filing of the Agreement for Judgment by all of the parties, and based on a review of the pleadings, memoranda, affidavits, and arguments of Counsel, the Court hereby enters the following judgment:

It is ORDERED that judgment shall enter against Defendant Town of Boxborough and in favor of the Plaintiff on Count I of the Complaint; and

IT IS FURTHER ORDERED that judgment shall enter against the Plaintiff and in favor of both the Defendant Town of Boxborough and the Defendant Boxborough Board of Appeals on Counts II and III of the Complaint; and

IT IS FURTHER ORDERED that Plaintiff's claim under Count I of the Complaint against the Defendant Boxborough Board of Appeals is stayed, and further that upon the Court's receipt from the parties of written notification that the variance(s) and special permit(s) have been issued, and that the period for


DOCKETED 29
EXHIBIT A

days of entry of this Judgment, to cause to be issued a special permit and a variance as requested by Voicestream Wireless, Inc., for the Facility at 335 Burroughs Road, in a form as set forth in Exhibit A attached hereto;

3. The Town of Boxborough, through its agents, officers and/or duly authorized boards and agencies, is hereby enjoined and ordered, within twenty-one (21) days of entry of this Judgment, to cause to be issued a special permit or a variance, as appropriate, to permit access to said Facility by way of the adjacent residentially zoned district, as set forth in Exhibit A attached hereto; and

4. The Town of Boxborough, through its agents, officers and/or duly authorized boards and agencies, is hereby ordered to process, in its usual and customary manner, any application for a building permit for said facility submitted by the applicant, and, subject to the criteria and standards typically applied to such applications, to issue a building permit for construction of said Facility.

_____
United States District Court Judge

Dated: May 30, 2002

# EXHIBIT A

**TOWN OF BOXBOROUGH**



**BOARD OF APPEALS**

### SPECIAL PERMIT AND/OR VARIANCE

In accordance with the May [**], 2002 Order of the Court (Young, J.) in the matter *Omnipoint Holdings, Inc. v. Town of Boxborough and Boxborough Board of Appeals*, pending in the United States District Court for the District of Massachusetts, Docket No. 01-12019-WGY, the Board of Appeals **grants** the request of Omnipoint Holdings/VoiceStream, Inc. ("VoiceStream") for the issuance of a Special Permit and/or Variance to construct and operate a wireless communication facility consisting of a single 100-foot tall, self supporting, "stealth" monopole (with panel antennas to be mounted inside the monopole) and accessory equipment and utility areas at the property located at 335 Burroughs Road, Boxborough, Massachusetts ("Wireless Communications Facility"). The issuance of the requested Special Permit and/or Variance is **subject to the following conditions:**

1. Other than the location of the Wireless Communications Facility, and the ability of VoiceStream (and others who require access to the Wireless Communications Facility for operational and maintenance purposes) to access the Wireless Communications Facility via the "Agricultural/Residential-zoned" portion of the property, the Wireless Communications Facility shall comply in all regards with the Boxborough Zoning By-Laws including, in particular, Sections 4831 through 4839.

2. The Wireless Communications Facility shall be constructed in accordance with the Plans submitted by VoiceStream which were marked at the proceedings as Exhibit B, Tab 5. The monopole at the site shall be limited to one hundred (100') feet and shall be constructed in such a manner that the antenna array will be placed entirely within the monopole concealed from view.

3. The monopole and all structures associated with the Wireless Communications Facility shall be removed by VoiceStream within one (1) year of the cessation of use by VoiceStream and all other carriers who may receive a special permit to operate a wireless communications facility at the site.

4. The Wireless Communications Facility shall be set back a minimum of one hundred (100') feet from all lot lines.

5. All utilities directly servicing the Wireless Communications Facility shall be located underground. This restriction is not intended to limit VoiceStream's ability to use pre-existing poles that might be located at the site, although all direct utility connections to the Wireless Communications Facility must be underground.

6. The Wireless Communications Facility shall not be lit except for necessary security lighting in which case such lighting shall be limited to low level security lighting installed at or near ground level. No lighting will be placed at the top of the monopole unless required by the FAA or Massachusetts Aeronautics Commission.

7. A fence to control unauthorized access to the tower shall be placed around the Wireless Communications Facility. The height and style of the fence shall be subject to the approval of the Board of Appeals.

8. A sign no greater than one square foot will be provided identifying a 24-hour contact number to the operator in charge of the Wireless Communications Facility.

9. The Wireless Communications Facility will comply in all respects with all federal, state, and local regulation concerning radio frequency emissions. The Wireless Communications Facility will satisfy the radio frequency signal regulations adopted by the Massachusetts Department of Pubic Health. Use of the property shall comply with all Federal Communications Commission requirements regarding the confinement of electromagnetic emissions geographically, including, but not limited to, prevention of interference with broadcast radio and TV services, licensed public service and commercial communications. Further, pursuant to Section 3510 of the Zoning By-law, instruments for testing to insure compliance with all laws and regulations shall be maintained by the applicant and access and assistance with the testing equipment shall be provided to the Building Inspector at reasonable times if requested by the Inspector to monitor such compliance.

10. Landscaping, subject to the reasonable approval of the Board of Appeals, will be utilized to screen and camouflage the Wireless Communications Facility to the extent reasonably possible from public view, with particular attention being given by VoiceStream to the abutting residential dwellings and the abutting parcel of land on which a development of 48 dwelling units, including 12 units designated as low or moderate income housing units as defined by G.L. chapter 40B, Section 20 and 760 C.M.R. 30.02, are to be constructed in accordance with a Comprehensive Permit issued by the Board of Appeals. (Comprehensive Permit Decision 2000-14). Any modification of the landscaping in the area shall require approval of the Board of Appeals.

11. To the extent possible, VoiceStream will permit the Boxborough Fire Department to maintain and utilize equipment at the site in accordance with the request of Chief Clayton in his July 12, 2001 Memorandum to the Board of Appeals, which was marked at the proceedings as Exhibit H.

12. Any change in the configuration of the antennae and/or tower shall require the approval of the Board of Appeals.

13. The applicant must obtain a building permit prior to commencement of any construction.

**Witness** our hands this _____ day of _____, 2002.

**BOXBOROUGH BOARD OF APPEALS:**

_____     _____
Katherine Becker, Chairman              Peter Joy, Member


_____     _____
Christian Habersaat, Member            David Kembel, Member


_____
Karim Raad, Member

155152

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
OMNIPOINT HOLDINGS, INC.

**DEFENDANTS**
Karen Motheny, Andrew Motheny, David Melanson, Audrey Melanson, Ralph Loy, Laurens Weil, M. H. Weil, Jonathan Held, et al.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Kenneth Ira Spigle
687 Highland Ave.
Needham, MA 02494
(781) 453-3900

ATTORNEYS (IF KNOWN)

04 11596 WGY

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | ☒ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
☐ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Action under All Writs Act to enjoin State court action seeking to collaterally attack valid Fed. court judgment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE YOUNG
DOCKET NUMBER 02-CV-11494

DATE 7/19/04
SIGNATURE OF ATTORNEY OF RECORD
[signature]

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) __Omnipoint Holdings v. Karen B. Metheny__

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   __ I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   X  II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

   __ III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   __ IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   __ V.    150, 152, 153.

   04cv11596 WGY

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.
   __Metheny v. Becker, CA 02-cv-11494-WGY__

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   YES ☐   NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)
   YES ☐   NO ☒

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
   YES ☐   NO ☐

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
   YES ☐   NO ☒

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
   YES ☒   NO ☐

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
      EASTERN DIVISION ☒   CENTRAL DIVISION ☐   WESTERN DIVISION ☐

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
      EASTERN DIVISION ☐   CENTRAL DIVISION ☐   WESTERN DIVISION ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Kenneth Ira Spigle__
ADDRESS __687 Highland Ave., Suite 1, Needham MA 02494__
TELEPHONE NO. __(617) 504-6843 OR (781) 453-3900__

(Cover sheet local.wpd - 11/27/00)