UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OMNIPOINT HOLDINGS, INC. )<br>)<br>Plaintiff )<br>)<br>V. )<br>)<br>KAREN B. METHENY, ANDREW I. )<br>METHENY, DANIEL J. MELANSON, )<br>AUDREY MELANSON, RALPH LANG, )<br>LAWRENCE R. WEIL, MITZI G. )<br>WEIL, JONATHAN L. HELD, AND )<br>ALYSSA L. HELD, )<br>)<br>Defendants ) | C.A. NO.<br><br>04 11596 WGY |

MEMORANDUM IN SUPPORT OF
MOTION FOR PRELIMINARY INJUNCTION

Plaintiff Omnipoint Holdings, Inc., a subsidiary of Voicestream Wireless, submits this Memorandum in support of its Motion to for Preliminary Injunction.

SUMMARY OF FACTS

Omnipoint is a wireless telecommunication operator, which sought zoning relief from the Boxborough Board of Appeals for the installation of a wireless telecommunications tower. After the Board of Appeals voted to deny the requested relief, Omnipoint filed its complaint in Civil Action No. 01-cv-12019, alleging, inter alia, that the denial violated provisions of the Telecommunications Act of 1996.

After cross-motions for summary judgment were filed and argued, the parties to that proceeding reached a settlement, and in late May, 2002, filed an Agreement for Judgment, with a proposed Form of Judgment attached. This Court entered its

1

judgment in substantially the form proposed on May 31, 2002, enjoining the Town to issue the requested special permit or variance.

On June 18, 2002, the Boxborough Zoning Board of Appeals voted to issue a "Special Permit and/or Variance" in the form which had been incorporated in this Court's Judgment. The individual Defendants in the present action (referred to herein as the "Land Court Plaintiffs") then filed their Complaint in Massachusetts Land Court in Boston, Docket No. 282222.

Omnipoint removed the case to this Court, and the case was docketed as C.A. No. 02-cv-11494-WGY. This Court granted Omnipoint's Motion to Dismiss in an Order of Dismissal dated September 26, 2002.

The Land Court Plaintiffs appealed to the First Circuit Court of Appeals. In December, 2003, the Court of Appeals ordered that the case be remanded to the State court, on the ground that the Federal Court lacked removal jurisdiction. This Court ordered that the matter be remanded to Land Court, where it is presently pending.

ARGUMENT

Brehmer v. Planning Board of Wellfleet, 238 F.3d 117 (1st Cir. 2001), established that it a valid judgment of this Court cannot be collaterally attacked in a state court proceeding challenging the results of that judgment. That principle, also followed in Patterson v. Omnipoint Communications, Inc., 122 F.Supp.2d 222 (D. Mass. 2000), aff'd per curiam 2001 U.S. App. LEXIS 26589 (1st Cir. 2001); Chief Justice Cushing Highway Corp. v. Limbacher, 145 F.Supp.2d 108 (D. Mass. 2001);

Sodersjerna v. Frank, Civil Action No. 02-CV-11632-WGY, Memorandum and Order on Motion to Dismiss, December 13, 2002 (unpublished).

This principle is undisturbed by the Court of Appeals decision in Metheny v. Becker, 352 F.3d 458 (1st Cir. 2003). In Metheny, the issue before the Court was whether this Court had jurisdiction, in a removal action, over a state court collateral attack proceeding. Relying on Rivet v. Regions Bank, 522 U.S. 470 (1998), for the principle that the existence of the Federal court judgment did not provide grounds for removal, and on Sygenta Crop. Prot. v. Henson, 537 U.S. 28, 31-34 (2002) for the principle that removal was not justified based on the All Writs Act, 28 U.S.C. § 1651, the Court ordered the remand. However, the Court of Appeals clearly contemplated at least two possible methods for enforcing such judgments: disposition by the state court, or a Federal Court proceeding to enjoin the state court proceeding. Citing Rivet, supra, at 478, n.3, the Court specifically noted the ability of Federal courts to protect their judgments pursuant to U.S.C. § 2283.

It is a well-established principle that the only procedure for challenging a final Federal court judgment are either an appeal to the appropriate appellate court, or a motion to modify or set aside the judgment directed to the Court which rendered it. See Stoll v. Gottlieb, 305 U.S. 165, 170 (1938) (the judgment "is final until reversed in an appellate court, or modified or set aside in the court of its rendition.") It is also clear that a final federal court judgment cannot be attacked in state court. See Central National Bank v. Stevens, 169 U.S. 432, 460-61 (1898).

The All Writs Act, 28 U.S.C. § 1651, provides that Federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." Although the Anti-injunction Act, 28 U.S.C. § 2283, places some limits on

3

the All Writs Act, it specifically allows Federal courts to enjoin state court proceedings when, injunctive relief is necessary to protect or effectuate the Court's judgments. As the Third Circuit Court of Appeals held in Delaware Valley Citizens' Counsel v. Commonwealth of Pennsylvania, 755 F.2d 38, 45 (3d Cir. 1985), "a final federal court judgment cannot be collaterally attacked by a state court"; a state court decision which interferes with such a judgment is a nullity.

Here, all of the substantive issues governed by Brehmer are also present. Rather than re-state how Brehmer is dispositive here, Omnipoint attaches hereto, and incorporates herein, its Memorandum in Support of Motion to Dismiss, filed in C.A. No. 02-cv-11494-WGY.

For the reasons set forth therein, and for the reasons set forth in this Memorandum, the State Court proceeding[1] should be enjoined.

OMNIPOINT HOLDINGS, INC.,

By /s/ Kenneth Ira Spigle
Kenneth Ira Spigle
BBO No. 475220
687 Highland Avenue, Suite 1
Needham, Massachusetts 02494
(781) 453-3900

---

[1] In order to avoid being defaulted in the remanded Land Court case, Omnipont has filed a motion to dismiss that case. However, it cannot be determined how long that court will take to hear or decide the Motion.

4

Case 1:04-cv-11596-WGY    Document 3    Filed 07/19/2004    Page 5 of 6